**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**CORI ORANDE THOMAS, #317325,**

    **Petitioner,**

**v.**              **2:06CV442**

**GENE M. JOHNSON, DIRECTOR OF THE
VIRGINIA DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

    On October 24, 2002, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of three counts of robbery, two counts of use of a firearm in the commission of a robbery, and two counts of wearing a mask.  Petitioner was sentenced to serve twenty-nine years imprisonment.

    Petitioner appealed to the Virginia Court of Appeals, but the appeal was denied on July 31, 2003, by a single judge, and a three-judge panel affirmed petitioner's conviction on November 14, 2003.  Petitioner appealed to the Supreme Court of Virginia, but the court refused the appeal on June 18, 2004.

In January, 2004, prior to the refusal of his direct appeal in the Supreme Court, petitioner filed a petition for writ of habeas corpus in this Court (2:04CV57), which was dismissed on March 4, 2004, for failure to exhaust state court remedies.  Petitioner did not appeal the dismissal of the petition.

On August 4, 2004, petitioner filed a second habeas petition in this Court (2:04CV462), containing both exhausted and unexhausted claims.  At petitioner's request, the petition was dismissed on December 9, 2004.  Once again, petitioner did not appeal the dismissal of the petition.

On October 28, 2005, petitioner filed a petition for writ of habeas corpus in the Portsmouth Circuit Court.  On December 6, 2005, the petition was dismissed pursuant to section 8.01-654(A)(2), of the Virginia Code, as untimely.  Petitioner appealed to the Supreme Court of Virginia, but the appeal was refused on July 7, 2006.

On July 26, 2006, petitioner filed a petition for writ of habeas corpus in this Court, and on September 28, 2006, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.    Ineffective assistance of counsel because counsel:

    a.    failed to object to and move for dismissal of the charges during the preliminary hearing because no identification of petitioner was made during the hearing;

    b.    allowed petitioner to plead guilty to the firearm charges, when the evidence was insufficient to establish petitioner's guilt beyond a reasonable doubt;

> > c.   failed to object to the prosecutor's deliberate suppression of the first half of petitioner's statement during the preliminary hearing;
> >
> > d.   failed to conduct pretrial investigations to locate and interview alibi witnesses;
>
> 2.   The trial court erred in not suppressing evidence obtained by the police in violation of petitioner's Fifth Amendment rights;
>
> 3.   The decision of the Virginia Court of Appeals was an unreasonable application of clearly established federal law; and
>
> 4.   The decision of the Supreme Court of Virginia was an unreasonable application of clearly established federal law.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See

Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.   Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record."  Id. at 432.

## C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### C.   The Petition is Barred by the Statute of Limitations.

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).   With the passage of the AEDPA, several modifications were made to habeas corpus law.   Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998).   However, the AEDPA created a statute of limitation for habeas corpus petitions.   See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375.   The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus.   The period of limitation runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation.   See id. § 2244(d)(2).

In this case, the Supreme Court of Virginia refused petitioner's direct appeal of his convictions on June 18, 2004.   Since no petition for writ of certiorari was filed in the United States Supreme

Court, petitioner's conviction became final on September 17, 2004,[1] and the statute of limitations set forth in the AEDPA commenced.  Therefore, if petitioner failed to file any state post-conviction action or pursue other collateral review, he would still have until September 17, 2005, to file a federal habeas corpus petition.  See id. at § 2244(d)(1).  Any pending state post-conviction or other collateral review would toll the statute of limitations.  See id. at § 2244(d)(2).

On January 22, 2004, petitioner filed a habeas petition in this Court (2:04CV57), which was dismissed on March 4, 2004, for failure to exhaust state court remedies.  On August 4, 2004, petitioner filed a second habeas petition in this Court (2:04CV462), but the petition was dismissed, at petitioner's request, on December 9, 2004, for failure to exhaust one of the claims.  At the time of the dismissal of these petitions, petitioner was not entitled to be in federal court, and therefore, the federal statute of limitations was not tolled.

Petitioner did not seek state collateral relief until October 28, 2005, when he filed a habeas petition in the Portsmouth Circuit Court, over sixteen months after the Supreme Court of Virginia refused petitioner's appeal and one month after the federal statute of limitations expired on September 17, 2005.  Since petitioner's first two federal petitions were improperly filed, and since the state habeas petition was filed after the federal statute of limitations expired, the first two federal petitions and the state petition had no tolling effect. Petitioner filed the present petition on July 26, 2006, well beyond the

---

[1] A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion, which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court.  See Harris v. Hutchinson, 209 F.3d 325, 238 (4th Cir. 2000).

federal filing limitation period.  The petition is barred by the statute of limitations and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in waiver of right to appeal from a judgment of this court based

on such findings and recommendations.   See <u>Thomas v. Arn</u>, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v.</u>

<u>Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


 

<u>            /s/            </u>

**James E. Bradberry**
**United States Magistrate Judge**

**Norfolk, Virginia**

<u>   October 25   </u>, **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Cori Orande Thomas, #317325, <u>pro</u> <u>se</u>
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA  24219-0759


Michael T. Judge, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Fernando Galindo, Acting Clerk


By _____
                Deputy Clerk

_____, 2006