UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CORI ORANDE THOMAS, #317325,

                Petitioner,

v.                                                2:06CV442

GENE M. JOHNSON, DIRECTOR OF THE
VIRGINIA DEPARTMENT OF CORRECTIONS,

                Respondent.

<u>FINAL ORDER</u>

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on October 24, 2002, in the Circuit Court for the City of Portsmouth, Virginia, for three counts of robbery, two counts of use of a firearm in the commission of a robbery, and two counts of wearing a mask, as a result of which he was sentenced to serve twenty-nine years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 25, 2006. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on November 9, 2006, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 25, 2006.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED pursuant to the statute of limitations and that judgment be entered in respondent's favor.

To the extent that petitioners objects to the Magistrate Judge's findings and recommendations, the objections are without merit. The petition is barred by the statute of limitations.  Petitioner's original appellate process in the Commonwealth of Virginia was completed on June 18, 2004, when the Supreme Court of Virginia refused his appeal. Before and after that date, petitioner filed two federal habeas petitions, neither of which he was entitled to maintain due to exhaustion requirements.  Accordingly, the early exploration of federal habeas relief did not toll the statute of limitations.  Petitioner's first pursuit of state habeas relief was not filed until October 28, 2005, in the Portsmouth Circuit Court.  At that point, petitioner was already four months beyond the expiration of the federal statute of limitations.

If it can be assumed that petitioner has "'colorable' claims" because he received "ineffective assistance of counsel," those claims all existed at the time his original petition was denied in the Supreme Court of Virginia.  (Obj. at 2.)  Petitioner asserts no claims that were not known to him when his original state appellate procedure concluded.

Petitioner has not pled any facts which support a finding that he was in any way barred from pursuing federal habeas relief in timely fashion.  Therefore, he is not entitled to any further consideration.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of

this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/ Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

**Norfolk, Virginia**

**January 12, 2007**